In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas E. ZABLOCKI, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Thomas E. ZABLOCKI, Respondent.

Supreme Court

*No. 00–0818–D. Filed October 30, 2001.*

2001 WI 115

(Also reported in 635 N.W.2d 288.)

ATTORNEY disciplinary proceeding. 

¶ 1. PER CURIAM. Thomas E. Zablocki was admitted to the practice of law in Wisconsin in 1968 and resides in Greendale, Wisconsin. In 1995 Mr. Zablocki consented to a private reprimand from the Board of Attorneys Professional Responsibility (Board).[1] On June 24, 1998, this court suspended Mr. Zablocki's license to practice law in Wisconsin for six months, effective August 10, 1998, for various violations, including failure to maintain a client trust account, depositing client funds into personal checking accounts, diverting client funds for his own purposes, and failing to cooperate with the Board's investigation. *See Disciplinary*

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation (OLR) and the supreme court rules applicable to the lawyer regulation system were also revised. Since the conduct giving rise to the complaint occurred prior to October 1, 2000, the investigative body will be referred to as "the Board." References to supreme court rules will be to those in effect prior to October 1, 2000.

*Proceedings Against Zablocki,* 219 Wis. 2d 313, 579 N.W.2d 233 (1998). Mr. Zablocki's license remains suspended.

¶ 2. On March 21, 2000, the Board filed a complaint against Mr. Zablocki alleging professional misconduct in the course of his representation of a couple involved in a divorce proceeding. In May 1997 the wife had retained Mr. Zablocki to represent her in a contemplated divorce from her husband. The wife paid him $750. Mr. Zablocki commenced the divorce action in Milwaukee County Circuit Court on May 12, 1997. While the divorce was pending, the couple considered filing for bankruptcy. In the spring of 1998 they consulted with Mr. Zablocki, and he advised them it would be cheaper and easier if he were to represent them both in the bankruptcy proceedings. The couple decided to retain Mr. Zablocki to handle the bankruptcy case. The wife paid Mr. Zablocki $400 plus half of the filing fee, and the husband paid Mr. Zablocki at least $400.

¶ 3. Despite his imminent suspension from the practice of law, on or about July 20, 1998, Mr. Zablocki filed a Chapter 7 bankruptcy action on behalf of the couple jointly in the United States Bankruptcy Court for the Eastern District of Wisconsin. Although there was an obvious conflict of interest between Mr. Zablocki's representation of the wife against her husband in the divorce case and the representation of both the husband and wife in the bankruptcy case, Mr. Zablocki did not obtain the written consent of either the husband or wife to this arrangement. At no time did Mr. Zablocki notify the husband or wife of the fact that his license was to be suspended and that he would be unable to act as their attorney after that date. He also did not notify the bankruptcy trustee or bankruptcy court of his suspension and inability to act after August

10, 1998, nor did he notify the branch of the Milwaukee County Circuit Court before which the divorce case was pending of his suspension and inability to act after August 10, 1998. Mr. Zablocki did not refund any portion of the fee the couple had paid him for the bankruptcy action.

¶ 4. The referee, Michael Ash, concluded, and this court agrees, that by representing the wife in the bankruptcy case when his representation was directly adverse to the husband and when his representation of the wife was materially limited by his responsibility to the husband, without obtaining written consent from each client, Mr. Zablocki violated SCR 20:1.7(a) and (b);[2] by failing to notify either the husband or wife by certified mail of his suspension and by failing to notify both the divorce court and the bankruptcy court, before which cases were pending, of his suspension, Mr.

---

[2] SCR 20:1.7(a) and (b) provides:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents in writing after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents in writing after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Zablocki failed to properly and timely notify a client and two courts of the suspension of his law license and his inability to act in pending matters, he violated SCR 22.26(1)(a) and (b);[3] by failing to refund the portion of the advance fee payment for the bankruptcy that he had not fully earned, he violated SCR 20:1.16(d);[4] and by failing to keep complete records of trust account funds, he violated SCR 20:1.15(e).[5]

---

[3] Former SCR 22.26(1)(a) and (b) provided:

(1)(a) A disbarred or suspended attorney on or before the effective date of disbarment or suspension shall:

1. Notify, by certified mail, all clients being represented in pending matters of the disbarment or suspension and consequent inability to act as an attorney after the effective date of the disbarment or suspension.

2. Advise the clients to seek legal advice of the client's own choice elsewhere.

(b) A disbarred or suspended attorney with a matter pending before a court or administrative agency shall promptly notify the court or administrative agency and the attorney for each party of the disbarment or suspension and consequent inability to act as an attorney after the effective date of the disbarment or suspension. The notice must identify the successor attorney or, if there is none at the time of the notice, state the place of residence of the client of the disbarred or suspended attorney.

[4] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 20:1.15(e) provides:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a

¶ 5. Although Mr. Zablocki's license to practice law in Wisconsin has already been suspended and has not been reinstated, the actions described above constitute additional misconduct warranting an additional sanction. In order to impress upon him the seriousness of his misconduct, and in order to protect the public, the courts and the legal system from a possible repetition of the same misconduct, and to deter other attorneys from similar misconduct, this court concludes that a public reprimand is appropriate.

¶ 6. IT IS ORDERED that Thomas E. Zablocki is publicly reprimanded for his professional misconduct.

¶ 7. IT IS FURTHER ORDERED that Thomas E. Zablocki be required to pay all costs and expenses of this disciplinary proceeding. If the costs are not paid, and absent a showing to this court of his inability to pay

period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

the costs, the license of Thomas E. Zablocki to practice law in Wisconsin shall be suspended until further order of this court.