In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas E. ZABLOCKI, Attorney at Law:

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY
n/k/a Office of Lawyer Regulation, Complainant,

v.

Thomas E. ZABLOCKI, Respondent.

Supreme Court

*No. 1996AP3700–D.—Decided January 27, 2006.*

2006 WI 8

(Also reported in 708 N.W.2d 330.)

¶ 1.   PER CURIAM.   We review the recommendation of the referee that Thomas E. Zablocki's license to practice law in Wisconsin be reinstated upon satisfaction of certain conditions. Having ascertained that the conditions recommended by the referee have been satisfied, we adopt the referee's findings of fact and conclusions of law and agree with his recommendation to reinstate Attorney Zablocki's license to practice law. In addition, we find it appropriate that Attorney Zablocki pay the costs of the reinstatement proceeding, which are $5137.85 as of August 4, 2005.

¶ 2.   Attorney Zablocki was admitted to the practice of law in Wisconsin in 1968. In 1995 he consented to a private reprimand from the former Board of Attorneys Professional Responsibility (Board). On June 24, 1998, this court suspended Attorney Zablocki's license to practice law in Wisconsin for six months, effective August 10, 1998, for various disciplinary violations, including failure to maintain a client trust account, depositing client funds into personal checking accounts, diverting client funds for his own purposes, and failing to cooperate with the Board's investigation. *See In re Disciplinary Proceedings Against Zablocki,* 219 Wis. 2d 313, 579 N.W.2d 233 (1998). There were significant aggravating factors associated with this suspension.

¶ 3.   Subsequently, while under suspension, Attorney Zablocki received a public reprimand for misconduct committed in the course of his representation of a couple involved in a divorce proceeding, where he violated various disciplinary rules by representing one of the parties in a bankruptcy case while simulta-

116

neously representing the other in the divorce proceeding. He also failed to notify either party, or the courts, of his then imminent suspension, failed to refund the portion of the advance fee payment for the bankruptcy that he had not fully earned, and failed to keep complete records of trust account funds. *See In re Disciplinary Proceedings Against Zablocki,* 2005 WI 115, 247 Wis. 2d 994, 635 N.W.2d 288.

¶ 4.  Attorney Zablocki petitioned for reinstatement of his license to practice law on August 27, 2004.[1] Following a hearing in February 2005 the referee submitted a report and recommendation, conditionally recommending reinstatement. The Office of Lawyer Regulation (OLR) opposed the petition, although no appeal was filed.

¶ 5.  SCR 22.31(1) provides the standard to be met for reinstatement of a law license. Specifically, the referee noted, that the petitioner must meet his or her burden of demonstrating "by clear, satisfactory and convincing evidence" that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that he or she has complied with SCR 22.26 and the terms of the suspension. In addition to these requirements, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶ 6.  The referee concluded that Attorney Zablocki had met nearly all of the criteria for reinstatement and

---

[1] In December 1998 Attorney Zablocki commenced a reinstatement proceeding, but the matter was ultimately dismissed because Zablocki failed to pursue the matter.

concluded that he had met his burden of demonstrating that his license to practice law in Wisconsin should be reinstated. At the time the report and recommendation was filed, Attorney Zablocki averred that he had satisfied the continuing legal educational (CLE) requirements necessary for reinstatement, but had not yet obtained a certification from the Board of Bar Examiners (BBE) demonstrating satisfaction of this requirement. In addition, Attorney Zablocki had not yet paid the costs relating to his previous public reprimand.

¶ 7. The referee thus recommended Attorney Zablocki's reinstatement be contingent upon receipt of a certification from the BBE indicating that Attorney Zablocki had completed his CLE requirements and evidence that he had entered into a payment plan with the OLR.

¶ 8. By order dated October 21, 2005, the court directed Attorney Zablocki to provide evidence that he had satisfied these conditions within 30 days, or face dismissal of his petition. Attorney Zablocki filed a timely response demonstrating that he has paid the outstanding OLR costs in the amount of $6935.65.

¶ 9. The court also received a letter from the BBE indicating that Attorney Zablocki has satisfied the requisite CLE requirements and recommending his reinstatement.

¶ 10. After a review of the record we conclude that Thomas E. Zablocki has established by clear, satisfactory and convincing evidence that he has now satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we agree with the referee's recommendation to reinstate Attorney Zablocki's license to practice law in Wisconsin.

¶ 11. IT IS ORDERED that the petition for reinstatement of the license of Thomas E. Zablocki to practice law in Wisconsin is granted, effective the date of this order.

¶ 12. IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas E. Zablocki shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Thomas E. Zablocki to practice law in Wisconsin shall be suspended until further order of the court.